ORIGINAL

THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:     415/674-8600
Facsimile:     415/674-9900

Attorneys for Plaintiff
PATRICK CONNALLY, an individual

E-filing

ORIGINAL FILED
2009 SEP 10 P 3 56
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CONNALLY, an individual, | CASE NO. 09 4192 |
| Plaintiff, | Civil Rights |
| v. | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** |
| HAN IL KWAN RESTAURANT, a.k.a., WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE TRUST dated 4/1/99, | **1ˢᵗ CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*) |
| Defendants. | **2ⁿᵈ CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3 |

**1ˢᵗ CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)

**2ⁿᵈ CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3ʳᵈ CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*

**4ᵗʰ CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiff PATRICK CONNALLY, an individual, complains of defendants WILLIAM and

2    ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE

3    TRUST dated 4/1/99 and alleges as follows:

4    **INTRODUCTION:**

5        1.    This is a civil rights action for discrimination against persons with physical

6    disabilities, of which class plaintiff PATRICK CONNALLY and the disability community are

7    members, for failure to remove architectural barriers structural in nature at defendants' HAN IL

8    KWAN RESTAURANT, a place of public accommodation, thereby discriminatorily denying

9    plaintiff and the class of other similarly situated persons with physical disabilities access to, the

10   full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,

11   services, and accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to

12   the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code

13   §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14       2.    Plaintiff PATRICK CONNALLY is a person with physical disabilities who, on or

15   about June 29, 2008, July 2, 2008, August 27, 2008, June 18, 2009 and July 8, 2009, was an

16   invitee, guest, patron, customer at defendants' HAN IL KWAN RESTAURANT, in the City of

17   San Francisco, California.  At said times and place, defendants failed to provide proper legal

18   access to the HAN IL KWAN RESTAURANT, which is a "public accommodation" and/or a

19   "public facility" including, but not limited to the entrance, men's restroom and women's

20   restroom.   The denial of access was in violation of both federal and California legal

21   requirements, and plaintiff PATRICK CONNALLY suffered violation of his civil rights to full

22   and equal access, and was embarrassed and humiliated.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.      **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.      **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 1802 Balboa Street, in the City and County of San Francisco, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5.      Plaintiff PATRICK CONNALLY is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff PATRICK CONNALLY is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff has severe traumatic head injury, chronic arthritis in upper extremities and constant joint inflammation, pain and swelling.  Plaintiff PATRICK CONNALLY  requires the use of a wheelchair to travel about in public.

///

///

///

///

Consequently, plaintiff PATRICK CONNALLY is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6.      Defendants WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE TRUST dated 4/1/99 (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as HAN IL KWAN RESTAURANT, located at/near 1802 Balboa Street, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

7.      At all times relevant to this complaint, defendants WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE TRUST dated 4/1/99, own and operate in joint venture the subject HAN IL KWAN RESTAURANT as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8.      At all times relevant to this complaint, defendants WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE TRUST dated 4/1/99, and the tenant/operator are jointly and severally responsible to identify and remove architectural barriers at the subject HAN IL KWAN pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201        General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

9.      The HAN IL KWAN, is a restaurant, located at/near 1802 Balboa Street, San Francisco, California.  The HAN IL KWAN, its entrance, men's restroom, women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the HAN IL KWAN and each of its facilities, its entrance, men's restroom and women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

10.     On or about April 1999, defendants' and each of them purchased and/or took possessory control of the premises now known as HAN IL KWAN.  At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that HAN IL KWAN was not accessible to the disabled. Nevertheless, defendants' and each of them, operated said restaurant as though it was accessible. ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11.     At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12.     At all times referred to herein and continuing to the present time, defendants and the tenant/operator, and each of them, advertised, publicized and held out the HAN IL KWAN as being handicapped accessible and handicapped usable.

13.     On or about June 29, 2008, July 2, 2008, August 27, 2008, June 18, 2009 and July 8, 2009, plaintiff PATRICK CONNALLY was an invitee and guest at the subject HAN IL KWAN, with his friend, Ben Kinney, for purposes of having food and beverage.

14.     On or about June 29, 2008, plaintiff PATRICK CONNALLY wheeled to the front entrance of HAN IL KWAN.  Plaintiff PATRICK CONNALLY faced a steep slope and a set of double doors.  Plaintiff PATRICK CONNALLY stressed and struggled to open the doors.

15.     At said time and place, plaintiff PATRICK CONNALLY needed to use the men's restroom.  Plaintiff PATRICK CONNALLY wheeled to the men's restroom but was unable to use the stall as it was too small and was used to store toilet paper on an adjacent set of shelves. Other elements of the restroom were also out of compliance, to wit: narrow door; lack of lever hardware; paper towel dispenser too high; and excessive toilet centerline distance.

16.     On or about July 2, 2008 and August 27, 2008, plaintiff PATRICK CONNALLY returned to and patronized HAN IL KWAN and encountered all of the same architectural barriers as he had on previous occasions stated herein.

17.     On or about November 14, 2008, plaintiff PATRICK CONNALLY wrote both the landlord and the tenant informing them of the entry door problems and problems with the men's restroom.  Plaintiff PATRICK CONNALLY never received a response.

18.     On or about June 18, 2009 and July 8, 2009, plaintiff PATRICK CONNALLY returned to and patronized HAN IL KWAN.  Plaintiff PATRICK CONNALLY encountered all of the same barriers as previously stated herein.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19.    Therefore, at said times and place, plaintiff PATRICK CONNALLY, a person with a disability, encountered the following inaccessible elements of the subject HAN IL KWAN which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

a.    lack of directional signage to show accessible routes of travel, i.e., entrances;

b.    lack of an accessible entrance;

c.    lack of a handicapped-accessible women's public restroom;

d.    lack of a handicapped-accessible men's public restroom; and

e.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

20.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

21.    On or about November 14, 2008, defendant(s) were sent two (2) letters by or on behalf of plaintiff PATRICK CONNALLY advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

22.    At all times stated herein, defendants and the tenant/operator, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff PATRICK CONNALLY from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23.     As a legal result of defendants WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE TRUST dated 4/1/99, a.k.a. HAN IL KWAN RESTAURANT 's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

24.     As a further legal result of the actions and failure to act of defendants and the tenant/operator, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff PATRICK CONNALLY suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury on or about June 29, 2008, July 2, 2008, August 27, 2008, June 18, 2009 and July 8, 2009, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entry doors and excessive slope, plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to gain entrance.

25.     Further, plaintiff PATRICK CONNALLY suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26.     Defendants' and the tenant/operator, and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff PATRICK CONNALLY's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff PATRICK CONNALLY harm as stated herein.

27.     Plaintiff PATRICK CONNALLY was denied his rights to equal access to a public facility by defendants WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE TRUST dated 4/1/99 and the tenant/operator, because defendants WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE TRUST dated 4/1/99 and the tenant/operator maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to the entrance, men's restroom, women's restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

28.     On information and belief, construction alterations carried out by defendants and the tenant/operator have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

29.     Plaintiff, as described hereinbelow, seeks injunctive relief to require the HAN IL KWAN RESTAURANT to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the subject restaurant as a public facility.

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

30.     Plaintiff seeks damages for violation of their civil rights on June 29, 2008, July 2, 2008, August 27, 2008, June 18, 2009 and July 8, 2009 and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff PATRICK CONNALLY from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

31.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

32.     Because of defendants' and the tenant/operator violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiff seeks an order from this court compelling defendants to make the HAN IL KWAN accessible to persons with disabilities.

33.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.
The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  of other restaurants  and other public facilities, and to punish defendants and to carry out the

2  purposes of  the Civil Code §§ 51, 51.5 and 54.

3       34.    Plaintiff is informed and believes and therefore alleges that defendants WILLIAM

4  and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE

5  TRUST dated 4/1/99 and the tenant/operator each of them, caused the subject building(s) which

6  constitute the HAN IL KWAN to be constructed, altered and maintained in such a manner that

7  persons with physical disabilities were denied full and equal access to, within and throughout said

8  building(s) of the subject restaurant and were denied full and equal use of said public facilities.

9  Furthermore, on information and belief, defendants have continued to maintain and operate said

10 restaurant and/or its building(s) in such conditions up to the present time, despite actual and

11 constructive notice to such defendants that the configuration of the subject restaurant and/or its

12 building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff

13 PATRICK CONNALLY, and other members of the disability community.  Such construction,

14 modification, ownership, operation, maintenance and practices of such public facilities are in

15 violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42

16 U.S.C. §12101, *et seq.*

17      35.    On personal knowledge, information and belief, the basis of defendants' actual and

18 constructive notice that the physical configuration of the facilities including, but not limited to,

19 architectural barriers constituting the HAN IL KWAN  and/or building(s) was in violation of the

20 civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to,

21 communications with invitees and guests, plaintiff PATRICK CONNALLY himself, owners of

22 other restaurants, hotels, motels and businesses, notices they obtained from governmental

23 agencies upon modification, improvement, or substantial repair of the subject premises and other

24 properties owned by these defendants, newspaper articles and trade publications regarding the

25 Americans with Disabilities Act of 1990 and other access laws, public service announcements by

26 former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.

27 Defendants' failure, under state and federal law, to make the HAN IL KWAN accessible is further

28 evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

persons with disabilities.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiff and other persons with physical disabilities to the subject restaurant. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

36.     Plaintiff PATRICK CONNALLY and the disability community, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

**I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff PATRICK CONNALLY, an individual and Against Defendants WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE TRUST dated 4/1/99, inclusive)
(42 U.S.C. §12101, *et seq*.)

37.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 36 of this complaint.

///
///
///
///
///
///
///

38.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

39.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.
>
> ---

40.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

41.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

42.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

43.     The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of HAN IL KWAN pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

44.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

45.     On information and belief, construction work on, and modifications of, the subject building(s) of the subject restaurant occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

46.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

47.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions."  Pursuant to this section, plaintiff PATRICK CONNALLY has not returned to defendants' premises since on or about July 8, 2009, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

48.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

**II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff PATRICK CONNALLY, an individual and Against Defendants WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE TRUST dated 4/1/99 , inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

49.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 48 of this complaint.

50.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

///

///

51.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

52.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

///

///

///

///

///

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

53.     Plaintiff PATRICK CONNALLY is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants and the tenant/operator, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to defendants' HAN IL KWAN RESTAURANT. As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or have been deterred from visiting the subject restaurant because of his knowledge and belief that the HAN IL KWAN is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

54.     On or about June 29, 2008, July 2, 2008, August 27, 2008, June 18, 2009 and July 8, 2009, plaintiff PATRICK CONNALLY  suffered violations of Civil Code §§54 and 54.1 in that plaintiff PATRICK CONNALLY was denied access to the entrance, men's restroom, women's restroom and other public facilities as stated herein at the HAN IL KWAN and on the basis that plaintiff PATRICK CONNALLY was a person with physical disabilities.

///
///
///
///
///
///

55.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants and those of the tenant/operator, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff PATRICK CONNALLY suffered physical discomfort, suffered bodily injury on or about June 29, 2008, July 2, 2008, August 27, 2008, June 18, 2009 and July 8, 2009, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entry doors and excessive slope, plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to gain entrance.

56.     Further, plaintiff PATRICK CONNALLY suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

57.     Plaintiff has been damaged by defendants' and the tenant/operator, and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about June 29, 2008, July 2, 2008, August 27, 2008, June 18, 2009 and July 8, 2009, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    58.    As a result of defendants' and those of the tenant/operator, and each of their, acts

2   and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys

3   in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for

4   persons with physical disabilities and prohibiting discrimination against persons with physical

5   disabilities.  Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery

6   in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

7   Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to

8   plaintiff, but also to compel the defendants to make their facilities accessible to all members of the

9   public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party,

10  pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

11  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
         FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

12       (On Behalf of Plaintiff PATRICK CONNALLY, an individual and Against Defendants
         WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY

13       REVOCABLE TRUST dated 4/1/99, inclusive)
         (Health & Safety Code §19955, *et seq.*)

14

15       59.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

    the allegations contained in paragraphs 1 through 58 of this complaint.

16

17       60.    Health & Safety Code §19955 provides in pertinent part:

18          The purpose of this part is to insure that public accommodations or
            facilities constructed in this state with private funds adhere to the

19          provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
            of Title 1 of the Government Code.  For the purposes of this part

20          "public accommodation or facilities" means a building, structure,
            facility, complex, or improved area which is used by the general

21          public and shall include auditoriums, hospitals, theaters, restaurants,
            hotels, motels, stadiums, and convention centers.  When sanitary

22          facilities are made available for the public, clients or employees in
            such accommodations or facilities, they shall be made available for
            the handicapped.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

61.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the HAN IL KWAN and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the HAN IL KWAN and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

62.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the subject restaurant and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

63.     Restaurants such as the HAN IL KWAN are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

///

///

///

///

1    64.    As a result of the actions and failure to act of defendants, and as a result of the

2    failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied

3    plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil

4    rights and plaintiff's rights as a person with physical disabilities to full and equal access to public

5    facilities.

6    65.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

7    plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's

8    civil rights and enforce provisions of the law protecting access for the persons with physical

9    disabilities and prohibiting discrimination against the persons with physical disabilities, and to

10   take such action both in plaintiff's own interests and in order to enforce an important right

11   affecting the public interest.  Plaintiff, therefore, seeks in this lawsuit the recovery of all

12   reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

13   §1021.5.  Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953

14   and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and

15   litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

16   Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

17   66.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of

18   them, to make the subject place of public accommodation readily accessible to and usable by

19   persons with disabilities.

20   **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
         EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

21   **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
         SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

22   (On Behalf of Plaintiff PATRICK CONNALLY, an individual and Against Defendants
         WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY

23   REVOCABLE TRUST dated 4/1/99 , inclusive)
         (Civil Code §51, 51.5)

24

25   67.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

26   the allegations contained in paragraphs 1 through 66 of this complaint.

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

68.     Defendants' and those of the tenant/operator actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

///

///

///

///

69.     The acts and omissions of defendants an that of the tenant/operator stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.
>
> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

70.     Defendants' and those of the tenant/operator  acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at §37, *et seq*., as if repled herein.

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

71.    As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiff was denied his  civil rights to full and equal access to public facilities. Plaintiff PATRICK CONNALLY suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury on or about June 29, 2008, July 2, 2008, August 27, 2008, June 18, 2009 and July 8, 2009, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entry doors and excessive slope, plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to gain entrance.

72.    Further, plaintiff PATRICK CONNALLY suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

73.   Plaintiff PATRICK CONNALLY is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///
///
///
///

**PRAYER:**

Plaintiff prays that this court award damages and provide relief as follows:

**I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff PATRICK CONNALLY, an individual and Against Defendants WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE TRUST dated 4/1/99 , inclusive)
(42 U.S.C. §12101, *et seq.*)

1.      For injunctive relief, compelling defendants WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE TRUST dated 4/1/99, inclusive, to make the HAN IL KWAN RESTAURANT, located at 1802 Balboa Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff PATRICK CONNALLY, an individual and Against Defendants WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE TRUST dated 4/1/99, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendants WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE TRUST dated 4/1/99, inclusive, to make the HAN IL KWAN RESTAURANT, located at 1802 Balboa Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation.

3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.    Treble damages pursuant to Civil Code §54.3;

5.    General damages according to proof;

6.    For all costs of suit;

7.    Prejudgment interest pursuant to Civil Code §3291; and

8.    Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff PATRICK CONNALLY, an individual and Against Defendants WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE TRUST dated 4/1/99, inclusive)
(Health & Safety code §19955, et seq.)

1. For injunctive relief, compelling defendants WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE TRUST dated 4/1/99, inclusive, to make the HAN IL KWAN RESTAURANT, located at 1802 Balboa Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2. For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3. For all costs of suit;

4. For prejudgment interest pursuant to Civil Code §3291;

5. Such other and further relief as the court may deem just and proper.

**IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff PATRICK CONNALLY, an individual and Against Defendants WILLIAM and ANNETTE SCARABOSIO, TRUSTEES of the SCARABOSIO FAMILY REVOCABLE TRUST dated 4/1/99, inclusive)
(California Civil Code §§51, 51.5, et seq.)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3. General damages according to proof;

4. Treble damages pursuant to Civil Code §52(a);

5. For all costs of suit;

6. Prejudgment interest pursuant to Civil Code §3291; and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    7.    Such other and further relief as the court may deem just and proper.

2

3   Dated: _9/2/09_ , 2009    THOMAS E. FRANKOVICH,
                                *A PROFESSIONAL LAW CORPORATION*
4

5

6                             By_____
                                   THOMAS E. FRANKOVICH
7                                  Attorneys for Plaintiff PATRICK CONNALLY, an
                                   individual
8

9                             **DEMAND FOR JURY TRIAL**

10       Plaintiff hereby demands a jury for all claims for which a jury is permitted.

11

12  Dated: _9/2/09_ , 2009    THOMAS E. FRANKOVICH,
                                *A PROFESSIONAL LAW CORPORATION*
13

14                            By_____
15                                 THOMAS E. FRANKOVICH
                                   Attorneys for Plaintiff PATRICK CONNALLY, an
16                                 individual

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29

# EXHIBIT A

Patrick Connally
164 N. San Pedro Road, Apt. C103
San Rafael, CA 94903

November 14, 2008

Manager
Han II Kwan Restaurant
1802 Balboa Street
San Francisco, CA 94121

Dear Manager of Han II Kwan:

Recently, I've had the chance to eat at Han II Kwan. There are some good things and some bad things.

The good things are that the food is good, and reasonably priced.

The bad things are that the slope in front of the doors is really steep and that a wheelchair user like me can't use the toilet.

It would seem you need one wide power door at the entrance. The restroom doors need to be wider so you can wheel in easy, because it's small. Take down the wall partition to the toilet and make the restroom for use by one person at a time. That's the way I see the solution.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Han II Kwan once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Patrick Connally

Patrick Connally
164 N. San Pedro Road, Apt. C103
San Rafael, CA 94903

November 14, 2008

Owner of Building
Han II Kwan Restaurant
1802 Balboa Street
San Francisco, CA 94121

Dear Owner of Building for Han II Kwan:

Recently, I've had the chance to eat at Han II Kwan. There are some good things and some bad things.

The good things are that the food is good, and reasonably priced.

The bad things are that the slope in front of the doors is really steep and that a wheelchair user like me can't use the toilet.

It would seem you need one wide power door at the entrance. The restroom doors need to be wider so you can wheel in easy, because it's small. Take down the wall partition to the toilet and make the restroom for use by one person at a time. That's the way I see the solution.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Han II Kwan once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Patrick Connally